AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Pedro Daniel Rodriguez and Yuniba Elizabeth Cordero | ) ) ) ) | 3 11 71495 |
| Defendant(s) | ) | EDL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 29, 2011__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

See the affidavit of HSI Special Agent John Bartusevics attached hereto and incorporated by reference.

☐ Continued on the attached sheet.

_Complainant's signature_

John Bartusevics, HSI Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __12/30/2011__

_Judge's signature_

City and state: __San Francisco, CA__   Hon. Elizabeth D. Laporte, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT OF HSI SPECIAL AGENT JOHN BARTUSEVICS

I, John Bartusevics Jr, Special Agent, Homeland Security Investigations (HSI), being duly sworn, depose and state:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

This affidavit is submitted in support of a criminal complaint against Pedro Daniel RODRIGUEZ and Yuniba Elizabeth CORDERO for violating Title 21 U.S.C. Section 841(a)(1), possession with intent to distribute methamphetamine.

### II. AGENT BACKGROUND AND EXPERTISE

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), assigned to the office of the Resident Agent in Charge, San Francisco International Airport (RAC/SI), and have been employed by HSI and its predecessor agency, U.S. Immigration and Customs Enforcement, since November of 2006. Prior to my employment with HSI, I was an Officer with U.S. Customs and Border Protection and its predecessor agency, U.S. Immigration and Naturalization Service, since July of 2001. I have completed Immigration Officer Basic Training, the Criminal Investigator Training Program, and ICE Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia.

   a. I am responsible for enforcing federal criminal statutes, including controlled substances offenses pursuant to Title 21 U.S.C. Section 841(a)(1). I have received training and actual experience relating to Federal Criminal Procedure, Federal Statutes and U.S. Immigration and Customs Regulations. This includes training in investigative techniques and violations of Title 21 of the United States Code, including specifically 21 U.S.C. Sections 952, 841(a)(1), and 846, for the importation of controlled substances in interstate or foreign commerce, and knowingly and intentionally possessing or attempting to or conspire to with

1

the intent to distribute. As a Special Agent with HSI, I have assisted with narcotics investigations and have seized cocaine and methanphetamine.

      b. In the course of the investigation described in this Affidavit, I have consulted with other federal agents, including HSI agents at San Francisco Airport who have written affidavits for, or participated in the application for and execution of, hundreds of search and arrest warrants over the course of their careers.

      c. As a Special Agent of HSI, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States.

2. The facts set forth in this affidavit are known to me as a result of my participation in this investigation, from reports made to me by other law enforcement officers, and from records, documents, and other evidence obtained during this investigation. Since this affidavit is being submitted for the limited purpose of outlining the offensive conduct of Pedro Daniel RODRIGUEZ and Yuniba Elizabeth CORDERO, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts I believe are necessary to establish probable cause that a violation of federal law has occurred.

### III. APPLICABLE LAW

3. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

## IV. FACTS ESTABLISHING PROBABLE CAUSE

4. On December 29, 2011, at approximately 9:30 a.m., Pedro Daniel RODRIGUEZ and Yubina Elizabeth CORDERO arrived at San Francisco International Airport (SFO) from Guadilajara, Mexico, aboard Continential Airlines flight 1122. Both RODRIGUEZ and CORDERO entered into the United States using United States passports. Both RODRIGUEZ and CORDERO were on the same Passenger Name Record (PNR) as co-travellers. U.S. Customs and Border Protection Officers (CBPO) Werner and Portugal selected RODRIGUEZ and CORDERO for a secondary examination. Both RODRIGUEZ and CORDERO claimed ownership of their suitcases, carry-on bags, and all contents in them. The luggage tags indentified two suitcases were checked in under CORDERO's name and two suitcases under RODRIGUEZ's name. Pursuant to CBP's authority to conduct border searches, CBPO Werner and Portugal began an inspection of RODRIGUEZ and CORDERO's suitcases. CBPO Werner and Portugal immediately noticed that three suitcases were unusally heavy and conducted an x-ray exam of all the suitcases. The x-ray identified several solid objects concealed under the plastic lining at the bottom of three suitcases. CBPO Werner and Meija drilled a hole into the plastic liners of the suitcases and discovered a white powedery substance within the three suitcases. One suitcase checked in under RODRIGUEZ's name contained a white powdery substance that was field tested and the results were positive for methamphetamine. The second suitcase checked in under RODRIGUEZ's name did not contain any controlled substances. In addition, one suitcase checked in under CORDERO's name contained a white powdery substance that was field tested and the results were positive for methamphetamine. The second suitcase checked in under CORDERO's name contained a white powdery substance that was field tested and the results were positive for methamphetamine and cocaine.

5. I was notified by CBP of the drug seizure at approximately 10:30 a.m. and responded to the inspection area to assist in the investigation. When CBPO Werner and Meija finished dismantling the suitcases, they discovered a total of approximately 2.24 kilos of cocaine and 15.035 pounds of methamphetamine.

6. Samples from the suitcases were sent to the CBP laboratory and tested positive for cocaine and methamphetamine.

## V. CONCLUSION

7. Based upon the information contained within this affidavit, I submit that I have established probable cause to believe that RODRIGUEZ and CORERO violated Title 21, United States Code, Section 841, possession with intent to distribute methamphetamine.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

John Bartusevics Jr., Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security

Sworn to before me, and subscribed in my presence,

this 30th day of December, 2011.

HON. ELIZABETH D. LAPORTE
United States Magistrate Judge